UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Bruce Luther,

    Plaintiff,

v.

American National Bank of Minnesota,

    Defendant,

Civ. No. 12-1085 (MJD/LIB)

**REPORT AND RECOMMENDATION**

---

    This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Amend the Complaint. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's motion be denied and that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

    **I.    BACKGROUND**

    On September 30, 2012, Plaintiff executed two mortgages and two promissory notes payable to Defendant in the amount of $111,000 and $247,000. (Compl. [Docket No. 1] at 2). Plaintiff defaulted on the promissory notes, and Defendant initiated foreclosure proceedings by advertisement. (Id.) The notices for the foreclosure sale were served on Plaintiff on November 25, 2003. (Def.'s Opp'n to Pl.'s Mot. for Leave to Amend Compl. [Docket No. 15] at 2). At the Sheriff's sale in December of 2003, Defendant was the highest bidder. (Id.) After a filing of bankruptcy, the Plaintiff's redemption period expired on August 23, 2004. (Id.)

1

After the sale, Defendant never returned the original signed paper instruments to Plaintiff once the mortgage of record was satisfied. (Compl. at 2). When Defendant refused to return the paper instruments of Plaintiff's mortgage, Plaintiff filed suit in Minnesota state court seeking their return. (Id. at 3). After an unfavorable ruling, Plaintiff appealed the decision to the Minnesota Court of Appeals, and upon an unfavorable ruling in that court, he sought review by the Minnesota Supreme Court, which was denied. (Id. at 3-4); (Am. Compl. [Docket No. 12] at 2).[1]

In his initial Complaint now before this Court, Plaintiff asserts that the "[o]pinions by the [state] District Court and Affirmed by the Minnesota Court of Appeals are inconsistent and repugnant to the Uniform Commercial Code." (Compl. at 3). He further asserts that the "lower courts misapplied law consistent with misrepresentations and deceit of Defendant," and claims that "Defendant is duty bound to return the note to Plaintiff upon payment in full of the note." (Id. at 3-4). He now seeks an order from this Court "voiding and dismissing all Minnesota District Court and Minnesota Court of Appeals opinions and judgments in [the] matter with the exception [of the] Minnesota Court of Appeals order dated April 18th 2012." (Id. at 7).

On July 7, 2012, Plaintiff filed a motion to amend his complaint, seeking to revise some of the allegations in his initial complaint and also to assert several new causes of action. (See Am. Compl. [Docket No. 12]). At the hearing on the motion to amend the complaint, because it appeared that based on the initial complaint the Court lacked subject matter jurisdiction, the Court directed both parties to submit supplemental briefing on whether either the initial

---

[1] The Court also notes that in addition to the numerous lawsuits by Plaintiff against this Defendant in state court, Plaintiff has also sued Defendant, with the addition of other defendants, on issues related to these promissory notes in this Court before. See Luther v. Johnston et al, No. 04-CV-3053 (RHK/RLE) (D. Minn. Jan. 17, 2006). The action resulted in sanctions against Plaintiff, dismissal of all of his claims and an award of attorney's fees in the amount of $10,000 in favor of all the defendants.

2

complaint or the proposed amended complaint provided a basis for subject matter jurisdiction.[2]

The matter having been fully briefed, the Court now finds that neither Plaintiff's initial complaint nor his proposed amended complaint affords a basis for subject matter jurisdiction.

## II. DISCUSSION

"It is well-established that the two major bases of federal subject matter jurisdiction are diversity and federal question." Iverson v. Altru Health Found., 2008 WL 237049, at *1 (D. N.D. Jan. 28, 2008). The Court discusses each basis for subject matter jurisdiction below.

### A. No Diversity Exists Between the Parties

Diversity jurisdiction requires that two elements be satisfied: 1) complete diversity of citizenship between the parties;[3] and 2) an amount in controversy which exceeds $75,000. Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 2010).

Here, Plaintiff is a citizen of Minnesota. (See Compl. at 2). Defendant is a national banking association with its main office in Minnesota. (See Aff. of Scott J. Allen [Docket No. 19], Ex. 1 at 1). Defendant is also a citizen of Minnesota because for diversity jurisdiction purposes "a national bank is a citizen only of the state in which its main office is located," Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 709 (8th Cir. 2011). As such, there is a lack of diversity in this case. Even Plaintiff appears to now acknowledge that there is no

---

[2] Defendant had raised the issue of lack of subject matter jurisdiction in its answer. It is well-settled that subject matter jurisdiction is a threshold issue. See Am. Family Ins. Co. v. Zurn Indus., LLC, 2012 WL 2615823, at *1 (D. Minn. Jul. 5, 2012) ("Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction is a threshold inquiry for all actions."); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) ("Any party or the court may, at any time, raise the issue of subject matter jurisdiction."); Iverson v. Altru Health Found., 2008 WL 237049, at *1 (D. N.D. Jan. 28, 2008) ("Subject matter jurisdiction cannot be waived by the parties, conferred by consent, or ignored by the court."). "Should the court determine at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Church v. City of Medina, No. 11-275 (MJD/FLN), 2012 WL 2395195, at *2 (D. Minn. Jun. 25, 2012) (citing Fed. R. Civ. P. 12(h)(3)).
[3] Diversity of citizenship is determined by "the citizenship of the parties named in the proceedings . . . plus any indispensable parties who must be joined pursuant to Rule 19." Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 491 (8th Cir. 2010).

diversity jurisdiction. (See Br. on Federal Question [Docket No. 21] at 2) ("There is no diversity as this is the reasoning behind amending the deficiency in Plaintiff's complaint.").

### B. No Federal Question Jurisdiction Exists

Federal question jurisdiction does not exist merely "because a plaintiff raises any federal question in [his] complaint," rather, "only when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Iverson, 2008 WL 237049, at *1.

Defendant argues that Plaintiff's initial complaint "does not even invoke or allege federal question jurisdiction, but relies instead on diversity of citizenship." (Def.'s Mem. of Law Asserting Lack of Jurisdiction [Docket No. 18] at 3). Defendant is correct.

Reading the initial complaint liberally, as the Court must in light of Plaintiff's pro se status, Plaintiff asserts four claims: 1) conversion; 2) civil theft; 3) attorney misconduct; and 4) fraud upon the Minnesota state courts. (See Compl. [Docket No. 1]). Because all of these claims are based on state law, not federal law, Plaintiff's initial complaint does not provide any basis for federal question jurisdiction. See Curls v. Dick's Valley Serv., Inc., No. 12-1011 (MJD/FLN), 2012 WL 1963358, at *1 (D. Minn. May 1, 2012) (finding that subject matter jurisdiction was lacking because "it clearly appear[ed] that Plaintiff's claims [were] based on some **state** law cause of action—presumably replevin, **conversion**, **fraud**, unjust enrichment, or some other common law theory" (emphasis added)); Alexander v. Hedback, No. 11-3590 (ADM/JSM), 2012 WL 2004103, at *14 (D. Minn. Jun. 5, 2012) (refusing to exercise supplemental jurisdiction over the plaintiff's state claim claims of civil theft, conversion, and replevin); Johnson on Behalf of U.S. v. Thomas, 932 F.2d 747 (8th Cir. 1991) (affirming a dismissal of a "pro se complaint alleg[ing] professional misconduct by four private attorneys" because the court lacked federal subject matter jurisdiction); In re Burghoff, 374 B.R. 681, 686

(Bkrtcy. N.D. Ia. 2007) (explaining that discipline for attorney misconduct, unless imposing sanctions for attorney conduct before the Court, "is a matter generally left to state courts"); Rains v. Rains, 221 F.3d 1343 (8th Cir. 2000) (affirming a dismissal of a claim alleging perjury in a state proceeding for lack of subject matter jurisdiction and explaining that "nothing in [the] Civil Rights Act gives federal court jurisdiction to review state proceedings procured by fraud or perjury").[4] Moreover, a claim for fraud on the courts is not a valid cause of action under Minnesota law. See U.S. Fed. Credit Union v. Starts & Strikes, LLC, 2011 WL 1466383, at *5 (Minn. Ct. App. Apr. 19, 2011) ("although 'fraud on the court' is a theory on which a losing party may seek to vacate a judgment under Minnesota Statutes section 548.14 (2010) and Minnesota Rule of Civil Procedure 60.02, it has not been recognized as a civil claim in Minnesota.").

Because the Court finds that Plaintiff's initial complaint fails to provide a basis for federal question jurisdiction, the Court must next determine whether the Plaintiff's proposed amended complaint provides a basis for federal question jurisdiction.

---

[4] The initial complaint also makes a passing reference to "Plaintiffs right(s) to equal protection, due process and impaired impartial adjudication"; however, a mere passing reference is insufficient to allege a claim for federal question jurisdiction, as the Court will not provide facts, arguments or construct a theory on a plaintiff's behalf, even when pro se. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that the court, even for a pro se plaintiff, "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded" (quoting Dunn. v. White, 880 F.2d 1188, 1197 (10th Cir. 1989))). Moreover, the Complaint explicitly states under the heading of jurisdiction that Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332, not federal question jurisdiction. (See Compl. [Docket No. 1] at 2). However, even if the Court were to consider them as pleading a federal claim, as more fully discussed below in addressing Plaintiff's proposed amended complaint claims, they fail to allege sufficient facts conferring subject matter jurisdiction.

Additionally, to the extent that Plaintiff sought review of the state court decisions, this is not the proper forum. See 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."); see also Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005) ("The basis for the *Rooker/ Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257.").

Defendant argues that "the Court does not have jurisdiction to hear Plaintiff's Motion to Amend Complaint unless it has jurisdiction of the matter in the first instance," and thus, "Plaintiff's Motion to Amend cannot be considered . . . ." (Def.'s Mem. of Law Asserting Lack of Jurisdiction [Docket No. 18] at 4). For this proposition, Defendant relies on Rosen v. Transx Ltd., 816 F. Supp. 1364, 1368 (D. Minn. 1993). In Rosen, the Court held that "[b]ecause [it] determine[d] that it lack[ed] subject matter jurisdiction over [the] action, [it] [would] not rule on Rosen's request that the court permit him to amend his complaint."  816 F. Supp. at 1368. However, the Court did not hold that a proposed amended complaint could never be considered in determining if the Court has subject matter jurisdiction.

Although the Eighth Circuit has not squarely addressed the issue, it has previously implied that, in its discretion, a court may look to a party's proposed amended complaint in considering whether subject matter jurisdiction exists. See Savage v. Fastnacht, 317 Fed. Appx. 570, 571 (8th Cir. 2009) (holding that "the district court did not abuse its discretion in declining to allow Savage to amend his complaint," despite dismissing the action for lack of subject matter jurisdiction "because the amendments he proposed would have been futile"); List v. County of Carroll, 240 Fed. Appx. 155, 158 (8th Cir. 2007); Lewis v. United Services Auto. Ass'n, 45 F.3d 433 (8th Cir. 1994) (Arnold, J. dissenting) ("While I agree that the Lewises failed to show complete diversity with USAA, I believe that the district court abused its discretion by denying the Lewises leave to amend their complaint without first determining whether amendment would be futile under the Federal Rules of Civil Procedure."). In its discretion, the Court now considers the claims pled in Plaintiff's proposed amended complaint.

However, even in electing to considering the Plaintiff's proposed amended complaint, the Court must necessarily first determine if Plaintiff is entitled to amend his Complaint under the liberal standard of Federal Rule of Civil Procedure 15(a).

If a party does not seek to amend their Complaint within the timing scope of Federal Rule of Civil Procedure 15(a)(1), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "when justice so requires." Id. The Supreme Court has explained the purposes of Rule 15(a) as follows:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of the amendment**, etc.-the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added). Although, "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp.2d 1102, 1106 (D. Minn. 1998).

An amendment is considered to be futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008). As such, an amendment to a pleading can be successfully challenged on the grounds of futility, if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). To survive a motion to dismiss, a complaint must contain

7

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against each defendant "across the line from conceivable to plausible." See Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 129 S. Ct. at 1949).

Reading Plaintiff's proposed amended pro se complaint liberally, he appears to assert the following new claims: 1) violation of Plaintiff's rights of due process, equal protection, and right to property under the Fourteenth Amendment to the United States Constitution; 2) civil conspiracy; 3) abuse of process; 4) racketeering in violation of 18 U.S.C. § 1962(c); and 5) a violation of 42 U.S.C. § 1982, 1983. (See Proposed Am. Compl. [Docket No. 12]).[5]

At the outset, the Court notes that Plaintiff's abuse of process claim is based on state law and, as such, even if meritorious, cannot serve as a basis for federal question jurisdiction. See McClennon v. Kipke, 821 F. Supp.2d 1101, 1110 (D. Minn. 2011) (finding that the plaintiff's abuse of process claim was based on state law); Young v. Klass, 776 F. Supp.2d 916, 918 (D. Minn. 2011) (same). To the extent that Plaintiff seeks to attack the judgment of the state courts, as already explained above, this is not the proper forum.

Next, the Court considers Plaintiff's claims that his constitutional guarantees under the Fourteenth Amendment were violated by Defendant and its counsel, which would provide a basis

---

[5] Plaintiff continued to assert claims for conversion and civil theft, but as already explained above, these claims are state law claims and do not provide an independent basis for federal question jurisdiction.

for federal question jurisdiction. It is well-established that "[t]here is simply no cause of action for a private violation of constitutional privileges in the absence of state action." Daniels v. National City Bank, 947 F.2d 944 (6th Cir. 1991); Krukemyer v. Forcum, 475 Fed. Appx. 563, 566 ("Indeed, there is no constitutional right to be free from harm inflicted by private actors."); McCrory v. Rapides Reg'l Med. Ctr., 635 F. Supp. 975, 980 (W.D. La. 1986) ("Mere private action, no matter how discriminatory or wrongful, does not give rise to a constitutionally based [private] cause of action."). Plaintiff's vehicle for pursuing constitutional violations is 42 U.S.C. § 1983. See Hodak v. Office of Missouri State Public Defender, 2008 WL 544710, at *3 (E.D. Mo. Feb. 26, 2008) ("Section 1983 is a statutory vehicle through which an individual may bring claims of constitutional rights violations against state actors."). And to successfully assert such a claim, Plaintiff must at the outset plead facts demonstrating that the individuals committing the offending action were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's claims for state action here are entirely based on the private conduct of Defendant and its counsel and the representations made by them in the state court proceedings. "It is well-settled that a lawyer representing a private client is not a state actor acting 'under color of law.'" Krukemyer, 475 Fed. Appx. at 566. As such, it is equally well-established that, generally, a plaintiff cannot sue an opposing counsel under § 1983 "because he is a lawyer in private practice who was not acting under color of state law." Simmons v. Sacramento Cnty. Sup. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). Although a "a valid conspiracy charge could support an allegation that a private lawyer acted under color of state law," plaintiff's pleadings must present sufficient "facts establishing an agreement or meeting of the minds between [the private attorney] and the state actors to deprive him of any federal rights." Ellibee v. Fox, 244 Fed. Appx. 839, 843 (10th Cir. 2007). The same standard applies for allegations that a private

9

individual acted under color of state law. See Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."); Simmons, 318 F.3d at 1161. Here, Plaintiff has alleged only that Defendant and its counsel conspired to perpetrate a fraud on the Minnesota state court and does not allege that either Defendant or its counsel conspired with one of the state officials or judges—much less present specific facts tending to show any agreement between Defendant or its counsel and a state official. For these reasons, the Court finds that Plaintiff has failed to allege sufficient facts to support a § 1983 action and his proposed amended claim is futile. See McGreal v. San Bernardino Cnty., 129 F.3d 126 (finding that the plaintiff's § 1983 action failed "because it failed sufficiently to allege that the attorney or his client acted as a state actor").

Plaintiff's 42 U.S.C. § 1982 claim also fails. The statute provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. "This section is designed only to protect against racial discrimination." Fantroy v. Greater St. Louis Labor Council, 478 F. Supp. 355, 357 (D. Mo. 1979). Plaintiff has made no allegations whatsoever that he was discriminated against based on his race. Thus, this proposed amended claim is also futile.

Likewise, Plaintiff's claim for civil conspiracy also fails. The allegations within Plaintiff's civil conspiracy claim in the proposed amended complaint and the attorney misconduct claim in the initial complaint are nearly identical and, as such, the claim still appears

10

to be based entirely on state law, which would not provide a basis for federal question jurisdiction. Plaintiff seeks to assert a civil conspiracy claim under Minnesota law, but, even assuming subject matter jurisdiction existed, such a claim would still fail. See Galarnyk v. Fraser, No. 08-3351 (JRT/AJB), 2011 WL 3678433, at *9 (D. Minn. Aug. 22, 2011) (explaining that "under Minnesota law there is no civil action for conspiracy"). To the extent that Plaintiff asserts a § 1983 conspiracy, as already discussed above, Plaintiff has failed to allege specific facts demonstrating that Defendant or its counsel conspired with any individual acting under color of state law. See Brown v. Delmuro, 163 F.3d 601 (8th Cir. 1998).

Finally, the Court considers Plaintiff's attempt to assert an amended civil RICO claim. For a plaintiff to have standing to bring a civil RICO claim, there must be "1) an injury to 'business or property' (2) caused 'by reason of' a RICO violation." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 951 (8th Cir. 1999). "A violation of [18 U.S.C.] § 1962(c), the section on which [Plaintiff] relies, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). "The plaintiff must, of course, allege each of these elements to state a claim." Id. "In order to make out a 'pattern of racketeering activity,' 18 U.S.C. § 1961(5), requires a plaintiff to plead the existence of at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), and to further establish that those predicate acts manifest the elements of 'continuity plus relationship.'" Dixon v. Clearwire Corp., No. 11-2558 (JNE/JSM), 2012 WL 3113801, at *6 (D. Minn. Jun. 11, 2012) (quoting Murrin v. Fischer, 2008 WL 540857, at *12 (D. Minn. Feb. 25, 2008)). "'Racketeering activity' refers to criminal activity and includes bribery and extortion, 'which is chargeable under State law and punishable by imprisonment for more than one year;'" and certain acts 'indictable' under federal law.'" Id. (quoting 18 U.S.C. § 1961(1)(A), (B)).

Here, Plaintiff alleges that "Defendant, by and through Counsel Scott t [sic] Johnston did in the execution of the herein identified scheme and use of state and federal courts and procedures as an artifice did commit to multiple violations within a ten year period as herein emphasized." (Proposed Am. Compl. [Docket No. 12] at 10). Reading Plaintiff's pro se allegations broadly, and taking into account Plaintiff's supplemental memorandum in support of the motion, Plaintiff appears to generally allege that Defendant, the enterprise, and its counsel engaged in a pattern of racketeering activity by making various filings in state court, which Plaintiff alleges were fraudulent. (See Br. on Federal Question [Docket No. 21] at 10-11) ("Each pleading submitted and assertions made in hearings into various courts is an occurrence, [which] evidences activity under RICO."). Even assuming that Plaintiff had standing to bring a civil RICO claim and that Defendant could be considered an enterprise, Plaintiff has nonetheless failed to plead a viable RICO claim that could withstand review under Rule 12(b)(6).

Plaintiff does not specify which basis for a predicate act, as identified in 18 U.S.C. § 1961(1), he believes the alleged state court filings fall within. More importantly, however, Plaintiff has failed to plead, with the required particularity, the fraudulent acts that he believes are the basis of his RICO claim. "A RICO claim based on fraud must be pled with particularity under Rule 9(b)." Dixon, 2012 WL 3113801, at *6 (dismissing a pro se party's RICO claim because even reading the pleadings liberally, the pro se plaintiff's conclusory statements were insufficient to properly plead a RICO claim); Nitro Distrib., Inc. v. Alticor, Inc., 565 F.3d 417, 428-29 (8th Cir. 2009). Plaintiff appears to allege that numerous (if not all) filings with the state courts are a basis for his assertions of fraud. (See Br. on Federal Question at 11) ("As so stated in Plaintiff's complaints, the time is stamped upon each motion made by Defendant, by and through counsel . . . ."). Even if any litigation documents that were filed by the Defendant's

12

counsel in the state court proceedings were false or fraudulent, as numerous courts around the country have held, such documents, generally, cannot be the basis of a RICO claim. See United States v. Pendergraft, 297 F.3d 1198, 1208 (11th Cir. 2002) (finding that the mailing of litigation documents such as affidavits, even if false, did not constitute mail fraud such as to support a claim for mail fraud); Daddona v. Gaudio, 156 F. Supp.2d 153, 162 (D. Conn. 2000) (finding that the plaintiff's claims that the defendants filed false documents and affidavits as part of a pattern to "infect" the extensive litigation proceedings were allegations that "at best amount to a vague abuse of process or malicious prosecution claim" and citing numerous courts which found that allegations of false statements made in litigation proceeding as part of a "a scheme to deprive them of their money and property" were not a basis for a RICO claim); Speight v. Benedict, 2007 WL 951492, at *6 n.2 (N.D. N.Y. Mar. 28, 2007) ("The Court also notes that suborning perjury, perjury, filing a court action, filing a false affidavit, and giving false testimony do not constitute predicate acts within the meaning of the RICO statute."); Narumanchi v. Adanti, 101 F.3d 108 (2d Cir. 1996) ("As to the RICO allegation, we note that perjury does not constitute a predicate act under the statute."); Feld Entm't Inc. v. American Society for the Protection of Cruelty to Animals, 2012 WL 2694160, at *18 (D. D.C. Jul 9, 2012) ("Defendants are correct that courts have refused to allow 'litigation activities' such as filing fraudulent documents or engaging in baseless litigation to serve as predicate acts for RICO, but only in circumstances where such acts constitute 'the only allegedly fraudulent conduct.'"). As explained by the Court in Daddona, "[c]ourts have found that allegations of malicious prosecution[6] or abuse of process do not, on their own, suffice as predicate acts for a RICO

---

[6] The Court notes that malicious prosecution is also a state law claim and even if Plaintiff alleged such a claim, which he did not, it would not be a basis for federal question jurisdiction. See Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 820 (8th Cir. 2012) (explaining that "[t]he Complaint also asserted state law claims for malicious prosecution, abuse of process, and the recovery of treble damages for attorney deceit" and affirming the

13

violation." 156 F. Supp.2d at 162. "[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system. Moreover, allowing such charges would arguably turn many state-law actions for malicious prosecution into federal RICO actions." Pendergraft, 297 F.3d at 1208; see also Willis v. Lipton, 947 F.2d 998, 1001 (1st Cir. 1991) ("An extension of RICO standing in these circumstances would serve to 'federalize' a substantial volume of common law fraud litigation traditionally left to state courts."). "If a suit is groundless or filed in bad faith, the law of torts may provide a remedy. Resort to a federal criminal statute is unnecessary." I.S. Joseph Co., Inc. v. J. Lauritzen A/S, 751 F.2d 265, 267 (8th Cir. 1984) (holding that the threat of litigation, even if groundless or in bad faith did not constitute extortion under RICO).

Because Plaintiff has failed to specifically allege the predicate acts that he believes are the basis of his RICO claim and he has failed to allege with particularity the specific fraudulent occurrences in the state court proceedings,[7] the Court need not here decide whether in what circumstances, if any, a party's use of the courts could be the basis of a RICO claim when additional circumstances of wire and mail fraud exist. See Daddona, 156 F. Supp.2d at 163 ("Those cases that have found that alleged mail and wire fraud violations arising out of malicious prosecution or abuse of process could be RICO predicate acts involved additional allegations of extortion or some other pattern of racketeering activity.").

Because the Court finds that Plaintiff's initial complaint does not assert a basis for federal question jurisdiction, and because Plaintiff's claims are futile in his proposed amended complaint

---

summary judgment dismissal of these claims because "a state law claim of attorney deceit must be raised in the proceeding where the deceit allegedly occurred, except in cases where the deceit could not have been discovered at that time . . . .").

[7] The Court notes that to the extent Plaintiff argues that the fraudulent representations were the arguments of counsel that Defendant is entitled to retain the underlying note, such arguments cannot be a basis for fraud—they are merely legal arguments as to the merits of the client's case. Furthermore, as evidenced by the state court decisions, they were meritorious arguments.

14

that might be the basis for federal question jurisdiction, the Court finds that the Court lacks subject matter jurisdiction over this case.  See Savage, 317 Fed. Appx. at 571 (holding that "the district court did not abuse its discretion in declining to allow Savage to amend his complaint," despite dismissing the action for lack of subject matter jurisdiction "because the amendments he proposed would have been futile").

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Motion to Amend Complaint [Docket No. 11] be **DENIED** as more fully described above.

2) Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

3) Judgment be entered accordingly.


Dated: October 11, 2012                              s/Leo I. Brisbois
                                                     LEO I. BRISBOIS
                                                     United States Magistrate Judge


**N O T I C E**
Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 25, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.